UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA RICHARDSON and<br>ERIC STADLER,<br><br>    Plaintiffs,<br><br>        v.<br><br>GRANITE CITY HOTEL AND<br>RESORTS, L.L.C., SASAK CORPORATION,<br>and ANKIT PATEL,<br><br>    Defendants. | Case No. 14-cv-01135-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Complaint (Doc. 19) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed a Response in Opposition (Doc. 24).

I.  **Dismissal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial

Page **1** of **7**

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

While *Bell Atlantic*, and *Iqbal* modified federal pleading requirements, they did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atlantic*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

II. **Factual Allegations**

Plaintiffs filed an eight count complaint on October 21, 2014, alleging defendants violated The Fair Labor Standards Act (hereafter "FLSA") and the Illinois Minimum Wage Law (hereafter "IMWL") by failing to pay overtime and failing to pay minimum wage.

Specifically, the allegations state that Plaintiffs Richardson and Stadler worked for the Defendants from approximately August of 2013 until June of 2014, as "Property Managers" of an Econo Lodge in Granite City, Illinois. The Complaint states that the Defendants did not pay Plaintiff Richardson on a salary basis, "as defined by relevant state and federal law" and did not pay Plaintiff Stadler on salary basis "at a rate of not less than $455 per week." However, there is no indication within the Complaint of the Plaintiffs' duties and/or responsibilities; the amount of hours worked within any specific week; whether they were paid on an hourly basis; or whether they were paid or received any other form of compensation.

The Complaint further alleges that the Plaintiffs "regularly worked in excess of 40 hours per week" and that the Defendants failed to pay them one and one half times their regular rate of pay for all time worked in excess of 40 hours and that Defendants regularly paid Plaintiffs less than the applicable minimum wage under Illinois and Federal law.

### III. Analysis

The FLSA and the IMWL require employers to pay employees one and one-half times his regular hourly wage for hours worked beyond forty hours in one week. 29 U.S.C. § 207(a)(1); 820 ILCS § 105/4a(1). The IMWL also provides that, for the time period relevant to this case, employers must pay employees at least an average wage of $ 8.25 per hour on or after July 1, 2010, 820 ILCS § 105/4(a)(1) and the FLSA required a minimum wage of $7.25 an hour 29 U.S.C.A. § 206(a)(1).

Defendants argue that the Plaintiffs' claims should be dismissed because they failed to provide any factual information regarding hours worked, wages earned, or what positions they held (other than such position met no overtime or minimum wage exemption.)

In support of this argument with regard to overtime, Defendants cite two Northern District cases: *Cho v. GCR Corp.*, Case No. 12-cv-4562, District Judge Dow, Jr., 2013 U.S. Dist. Lexis 2992 (N.D. Ill. 2013) "which dismissed a FLSA overtime claim where plaintiffs did not allege any support facts – such as when they worked for Defendants, what they did for Defendants, how many hours they worked, and what, if anything, they were paid;" and *Wilson v. Pioneer Concepts, Inc.*, Case No. 11-cv-2353, District Judge Darrah, 2011 U.S. Dist. Lexis 100757 (N.D. Ill. 2011) which granted a motion to dismiss, "where plaintiff alleged that on some occasions she had to work during her lunch."

First, District court decisions do not have *stare decisis* effect. "It may be a wise, well-reasoned decision that persuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise. *Midlock v. Apple Vacations W. Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005). Since the Defendants have cited these cases, the Court will consider their reasoning, but caution Defendants that these cases are non-binding precedent.

In *Cho v. GCR Corp.,* the Court found that the Plaintiff's failure to any supporting facts, "such as when they worked for Defendants, what they did for Defendants, how many hours they worked, or what, if anything, they were paid" render his complaint "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id*, at *2. However, the Plaintiffs in this matter have alleged the time period they worked for the Defendant, their position, and that they worked in excess of 40 hours per week.

In *Wilson v. Pioneer Concepts, Inc.*, the Court found that the Plaintiff did not specifically allege that she was required to work during her lunch break and that an unspecified amount of time rounded off the employees time clock may have resulted in her working overtime. *Supra*, at *1.

The case at bar specifically alleges that both plaintiffs were employed by the Defendants and, as alleged in separate counts, each was required to work over 40 a week and were not paid overtime.

As such, the Court agrees with the Plaintiffs that these cases are factually distinguishable. On the other side, Plaintiffs cite numerous cases holding no such factually detailed pleading is necessary. *See, e.g., Nicholson v. UTi Worldwide, Inc.,* 2010 WL 551551, *4, Judge Gilbert (S.D. Ill. Feb. 12, 2010); *McDonald v. Kellogg Co.*, No 08-2473-JWL, 2009 WL 1125830 (D. Kan. Apr. 27, 2009); *Nehmelman v. Penn. Nat'l Gaming, Inc.,* 790 F.Supp.2d 787, 796-97 (N.D. 2011); *Allen v. City of Chicago, 2011 UL 941383, *6 (N.D. Ill. Mar. 15, 2011); Puleo v. SMG Property Mgmt., Inc.,* 2008 WL 3889727, *2-3 (M.D. Fl. Aug. 20, 2008); *Uribe v. Mainland Nursery,* 2007 WL 4356609, *2-3 (E.D. Cal. Dec. 11, 2007).

The Court notes that Plaintiffs also cite to District cases and District court decisions do not have *stare decisis* effect or the force of precedent, but will be reviewed by the Court with regard to the reasoning of the case.

In *Nicholson*, this Court rejected the notion that *Bell Atlantic* requires extensive, detailed pleading of FLSA claims. *Nicholson, supra *6.* " Heeding the advice of *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005), this Court asks itself what rule of law *requires* Plaintiffs to allege the unpaid hours worked, the approximate dates they worked off the clock, his hourly wage and facts necessary to calculate damages. It cannot find a rule to answer that question. While *Zhong (citing to Zhong v. August August Corp., 498 F.Supp.2d 625 (S.D.N.Y. 2007))* may be right that a plaintiff *should* plead his rate of pay and the wages due, no rule *requires* that he do so. On the contrary, notice pleading is still alive and well in federal courts, and under that standard a plaintiff need only provide enough details to give the defendant fair notice of the claim and to show that the claim is

plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008). While complex claims like the antitrust claim at issue in *Bell Atlantic* or claims that rely on proof of knowledge or intent like the civil rights claim at issue in *Iqbal* may require a fuller set of factual allegations to render them plausible, simple claims do not. *See id.* at 1082-85 (sex discrimination and Equal Pay Act claims); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781-82 (7th Cir. 2007) (sex discrimination). All that is required is enough to give the defendant "sufficient notice to enable him to begin to investigate and prepare a defense" to a plausible claim. *Tamayo*, 526 F.3d at 1085." *Id*, * 6-7.   This reasoning similarly applies to this matter.

Viewing the allegations in the Plaintiffs' favor, they have alleged the time period they were employed by the Defendants, their work location and position, and that they regularly worked in excess of 40 hours per week.  As stated in *Nicholson*, "The details of dates, times and allegedly unpaid overtime wages can – and must, if Nicholson wants to prevail – be fleshed out later in the case,   They need not, however, be pled in the complaint."   *Supra*, * 7.

As for Plaintiffs' minimum wage violation claims, Defendant cite to this Court's Order in *Nicholson v. UTI Worldwide, Inc.*, Case No. 09-cv-722, 2010 U.S. LEXIS 138468, Judge Gilbert (S.D. Ill. Feb. 12, 2010) as "directly on point."   In *Nicholson*, the Court held that Plaintiff had, "not plead any facts to plausibly suggest that in any week his real hourly wage was less than $7.75."   Id, at 8.   Defendants also cite to *Koehler v. Kehrer Brothers Construction, Inc*., Case No. 11-cv-837, Judge Herndon, 2012 U.S. Dist. LEXIS 117199, *12-14 (S.D. Ill. Aug. 20, 2012) which held that the plaintiffs "… failed to allege the number of hours worked and total amount paid needed to determine whether plaintiffs were paid less than the minimum wage."   *Id*, at 9.

Plaintiffs' complaint alleges, "that the compensation Plaintiffs received from Defendants per week, when divided by the total time worked in those weeks, regularly fell below the federal and Illinois minimum wage." (Doc. 2, ¶1) Although the Plaintiffs do not provided the specific rate of compensation per week or the total time worked in any week, those amounts can be flushed out during the discovery process.

In a matter such as this, specific facts with regard to wages and hours worked are usually contained within an employee's record. As the employer, it would appear to the Court that the Defendants would have better access to the employee records than the Plaintiffs at this point in the litigation. All that is required is within the pleading is enough to give the defendant "sufficient notice to enable him to begin to investigate and prepare a defense" to a plausible claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008).

IV. **Conclusion**

Based on the above, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 4/29/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
